UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**RAMON PIERRE VINCENT,**

        Petitioner,

v.                                                    Civil No. 2:24cv489
                                                     Criminal No. 2:22cr28

**UNITED STATES OF AMERICA,**

        Respondent.

### OPINION AND ORDER

This matter is before the Court on Ramon Pierre Vincent's ("Petitioner") pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 51. Petitioner has also filed a related motion seeking the appointment of counsel. ECF No. 52. The Government filed an opposition brief arguing that Petitioner's § 2255 claims should be denied on the merits, ECF No. 54, and Petitioner filed a reply brief, ECF No. 55. For the reasons explained below, Petitioner's § 2255 motion and related motion seeking counsel are both **DENIED**.

### I. BACKGROUND

Petitioner was indicted by a grand jury on three felony counts, including possession of a firearm by a convicted felon. ECF No. 1. On July 12, 2023, Petitioner entered a written plea agreement and pled guilty to the felon in possession of a firearm count, in violation of 18 U.S.C. § 922(g)(1). ECF No. 22. On December 1, 2023, Petitioner appeared before another judge of this Court and was sentenced to 48 months' imprisonment. ECF No. 38.

Petitioner did not file a direct appeal, but did timely file his § 2255 motion, which is now fully briefed and ripe for review. ECF No. 51.

## II. STANDARD OF REVIEW

A federal prisoner may collaterally challenge their conviction or sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or [the sentence or conviction] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim that defense counsel provided ineffective assistance, a type of constitutional violation, is appropriately advanced for the first time in a § 2255 motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).[1] A petitioner must prove an ineffective assistance claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

---

[1] Unlike ineffective assistance claims properly brought in a § 2255 motion, claims directly alleging that the district court committed a constitutional error that were not previously raised are generally barred by the doctrine of "procedural default." United States v. Frady, 456 U.S. 152, 167-68 (1982). Here, although Petitioner appears to advance direct claims alleging constitutional error that were not previously raised, he also asserts that defense counsel is to blame for not raising these same claims. ECF No. 51, at 5, 10. Moreover, the Government does not raise Petitioner's apparent procedural default as a defense, and instead argues that Petitioner's constitutional claims fail on the merits. Accordingly, the Court considers Petitioner's § 2255 claims on the merits.

2

The Sixth Amendment guarantees that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Applying the Sixth Amendment, the Supreme Court has held that the right to counsel is the right to "effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 685 (1984). To obtain relief based on an allegation of ineffective assistance, a petitioner must typically establish both that: (1) counsel's performance was so deficient that it "fell below an objective standard of reasonableness"; and (2) "that the deficient performance prejudiced the defense." Id. at 687-88.

With respect to performance, the Constitution does not guarantee errorless representation, meaning that a petitioner must demonstrate that their counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 687. As to Strickland's prejudice prong, to satisfy this prong a petitioner must ordinarily demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### III. DISCUSSION - § 2255 MOTION

Petitioner's § 2255 motion advances two claims, both of which challenge the constitutionality of his offense of conviction — 18 U.S.C. § 922(g)(1). Both of these challenges, as clarified in

3

Petitioner's reply brief, advance only "as applied" challenges to the constitutionality of § 922(g)(1).[2]

Relying on the legal standard articulated in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022), Petitioner asserts that: (1) either felons generally, or at least non-violent felons like Petitioner, are part of "the people" who have the right to bear arms under the Second Amendment; and (2) that there is not a historical tradition in America of broadly disarming all felons, and certainly not an established tradition of disarming felons like Petitioner who have a "lack of violence in [their] history."[3] ECF No. 55, at 2-3. Although Petitioner concedes that Congress may permissibly disarm groups of people appropriately deemed "dangerous," Petitioner argues that because he is not a danger, § 922(g)(1) is unconstitutional as applied to him. Id. at 3.

First, the constitutional test established by the Supreme Court in Bruen does not control this case as the Supreme Court's Bruen opinion did not abrogate controlling Fourth Circuit precedent upholding the constitutionality of laws categorically

---

[2] A facial challenge, another form of constitutional attack, would have been summarily denied if Petitioner had advanced it based on controlling caselaw. See United States v. Canada, 123 F.4th 159, 161 (4th Cir. 2024) ("Section 922(g)(1) is facially constitutional . . . .").

[3] The Court assumes, for the sake of argument, that Petitioner is appropriately classified as non-violent notwithstanding: (1) his prior conviction for malicious wounding; and (2) his multiple prior assault convictions. ECF No. 32, at 8-18.

4

disarming <u>all</u> felons. <u>United States v. Hunt</u>, 123 F.4th 697, 700 (4th Cir. 2024). To briefly explain, although <u>Bruen</u> materially changed one part of the two-part test dictating whether gun control laws are constitutional, it left "the 'presumptive lawfulness' of felon in possession statutes undisturbed." <u>United States v. Riley</u>, 635 F. Supp. 3d 411, 422 (E.D. Va. 2022). While there was not controlling law on this issue at the time Petitioner pled guilty, the issue was conclusively resolved last month when the Fourth Circuit held that "neither <u>Bruen</u> nor <u>United States v. Rahimi</u>, 602 U.S. 680 (2024) abrogates this Court's precedent foreclosing as-applied challenges to Section 922(g)(1) and those decisions thus remain binding." <u>Hunt</u>, 123 F.4th at 702. In light of <u>Hunt</u>, it is clear that Petitioner cannot demonstrate that: (1) § 922(g)(1) is unconstitutional as applied to him; (2) that his counsel committed a constitutional error for failing to raise a <u>Bruen</u> challenge; or (3) that he suffered any prejudice from counsel's failure to file a <u>Bruen</u> motion.

Second, and as further acknowledged by the Fourth Circuit in <u>Hunt</u>, even if this Court analyzed the merits of Petitioner's as-applied challenges "unconstrained by [the Fourth Circuit's] pre-<u>Bruen</u> precedent," Petitioner's challenges would still fail "both parts of [the <u>Bruen</u>] test." <u>Hunt</u>, 123 F.4th at 704. As to the first part (whether Petitioner is part of "the people" whose gun possession is protected by the Second Amendment), "the Second

5

Amendment protects firearms possession by the law-abiding, not by felons." Id. at 705. As to the second part of the test (whether non-violent felons can be disarmed consistent with historical tradition), history supports disarming felons as a class such that an "individualized determination of dangerousness as to each person" in that class is unnecessary. Id. at 707 (quoting United States v. Jackson, 110 F.4th 1120, 1128 (8th Cir. 2024)). In other words, there is simply "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)" — it is constitutional as applied to all felons. Id. at 708 (quoting Jackson, 110 F.4th at 1125).

In summary, because Petitioner's as-applied Bruen challenges fail for multiple independent reasons, Petitioner' § 2255 claims are **DENIED** to the extent they directly assert that 18 U.S.C. § 922(g)(1) was unconstitutionally applied in this case. Similarly, to the extent Petitioner alleges that his lawyer provided constitutionally ineffective assistance for failing to advance an as-applied challenge, such claims are also **DENIED** on the merits.

### IV. DISCUSSION - MOTION FOR COUNSEL

In a separately filed motion, Petitioner asks the Court to appoint counsel to assist him in pursuing § 2255 relief. ECF No. 52. Petitioner is advised that no right to counsel exists for the collateral review of a conviction or sentence. Pennsylvania v.

6

Finley, 481 U.S. 551, 555 (1987). Rather, "[i]t is well settled that 'a criminal defendant has no right to counsel beyond his first appeal.'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting Coleman v. Thompson, 501 U.S. 722, 756 (1991)). "Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings," no due process concerns are present in this matter.[4] Id. Moreover, the fact that Petitioner's § 2255 claims are so clearly foreclosed by controlling precedent demonstrates that this § 2255 case "does not fit" into the category of "exceptional cases." Id. Accordingly, Petitioner's motion seeking the appointment of counsel is **DENIED**.

## V. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion and his motion seeking the appointment of counsel are each **DENIED**. ECF Nos. 51, 52. Finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to Petitioner's § 2255 motion is

---

[4] "Rule 8(c) of the Rules Governing Section 2255 Proceedings" includes a "mandatory and clear" requirement that counsel be appointed to an indigent § 2255 petitioner if an evidentiary hearing is conducted. United States v. Opande, 210 F. App'x 262, 262 (4th Cir. 2006). Similarly, counsel must be appointed in a § 2255 case if necessary to facilitate discovery. Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 6(a). Here, neither discovery nor an evidentiary hearing are appropriate because Petitioner's claims fail under controlling law, meaning that Petitioner has "no right to counsel on his collateral postconviction 28 U.S.C. § 2255 petition." United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990)); see United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants.").

also **DENIED**. 28 U.S.C. § 2253(c); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. R. App. P. 22(b); R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to Petitioner and to counsel for the Government.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 5, 2025